UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MAURICE WILKINS,

                Plaintiff,

       - against –

RIKERS ISLAND WARDEN, AMK C95,
DEPARTMENT OF CORRECTIONS,
PROGRAM WARDEN and NYC MAYOR,

                Defendants.
-----------------------------------------------------------------x

**ORDER**
*1352*
11 CV ▓ (RJD) (LB)

DEARIE, District Judge.

Plaintiff Maurice Wilkins, currently incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, brings this action pro se for alleged injuries he sustained while incarcerated. Plaintiff alleges: "I was in the dayroom and the table tipped over on my foot when an inmate sat down." (Compl. ¶ IV.) Plaintiff continues: "[T]he table wasn't bolted down or welded due to negligence." (Id.) Alleging damage to his foot, plaintiff seeks "[p]ayment for pain and discomfort and negligence." (Id. ¶ V.) Plaintiff's request to proceed in forma pauperis is granted for the limited purpose of this Court's dismissing the complaint without prejudice.

## Discussion

"[I]n a civil action in which a prisoner seeks redress from [an] officer or employee of a governmental entity," such as the action here, a court may dismiss the complaint or any portion of the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a)-(b). A court may dismiss an action filed in forma pauperis for the same reasons. See 28 U.S.C. § 1915(e)(2). "Such dismissals must accord the inmate an opportunity to amend the complaint 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" Abbas v.

Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir.1999)). In applying these rules, the Court is mindful that "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

However generously construed, plaintiff's complaint cannot state a claim under 42 U.S.C. § 1983, which provides redress only for actions "committed by a person acting under color of state law" and which "deprive[] a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). "Petitioner alleges that he was injured by the negligence of . . . custodial official[s] at the city jail. Whatever other provisions of state law or general jurisprudence he may rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy." Daniels v. Williams, 474 U.S. 327, 336 (1986); see also id. at 333 ("To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."); Edwards v. City of New York, 2009 WL 2596595, at *2 (S.D.N.Y. 2009) (collecting authority). The purported failure of prison officials to bolt a table to the floor, in the absence of any other factual allegations, does not plausibly suggest that defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In his complaint, plaintiff does not refer to the Constitution, Fourteenth Amendment or his civil rights. Thus, it is fair to assume that plaintiff intends equally (or more so) to pursue his negligence claim under New York law. If that is the case, then plaintiff must plead facts supporting the existence of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which allows for suits between "citizens of different States" when alleged damages exceed $75,000. Jurisdiction

2

will not exist, for example, if plaintiff lived in New York at the time his sentence began. See Scott v. Sonnet, Sale & Kuehne, P.A., 989 F. Supp. 542, 543 n.1 (S.D.N.Y. 1998) ("Prisoners are presumed to retain the domicile they had at the time of incarceration."). Further, plaintiff must plead compliance with New York's notice-of-claim requirement for suits against New York City and its officials. See Mejia v. City of New York, 119 F. Supp. 2d 232, 256-57 (E.D.N.Y. 2000); Lavalliere v. Dep't of Corr., 304 A.D.2d 370, 371 (1st Dep't 2003).

## Conclusion

Plaintiff's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff may file an amended complaint in accordance with the instructions given above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purposes of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May ⟋, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge